**Ernest J. LICHTENSTEIN, Plaintiff-Appellant,**

v.

**James R. SCHLESINGER, Secretary of Defense, and Howard H. Callaway, Secretary of the Army, Defendant-Appellee.**

**No. 72-3138.**

United States Court of Appeals, Ninth Circuit.

April 29, 1974.

Mark T. Susnow, of Susnow & Sullivan, San Francisco, Cal., for appellant.

J. E. Holmes, III, Washington, D. C., (argued), James L. Browning, U. S. Atty., William T. McGivern, Jr., Asst. U. S. Atty., San Francisco, Cal., for appellee.

## OPINION

Before MOORE,\* WRIGHT and GOODWIN, Circuit Judges.

PER CURIAM:

This was an action by a former serviceman under 10 U.S.C. § 1552 and 28 U.S.C. § 1361 to change his discharge from "undesirable" to "general." The appeal involves the issue whether O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), holding that courts martial jurisdiction extends only to service-connected offenses, is to be applied retroactively. The memorandum decision and judgment of the district court and the briefs herein preceded the Supreme Court's opinion in Gosa v. Mayden, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973), which discussed this issue but left it unresolved. Following the reasoning of the plurality opinion in Gosa, we affirm.

In 1956, while an enlisted man in the Army, appellant was stationed at Fort Sill, Oklahoma and lived off the post in the city of Lawton. He was arrested by local police for disturbing the peace and assaulting his wife, but he was shortly thereafter released to military authorities at the Army post. After trial before a Special Court Martial under UCMJ Article 116, he was found guilty, and was sentenced to confinement for six months with certain pay forfeitures. Later that year, a Board of Review concluded that appellant should be separated from military service. The board considered his court martial conviction together with his entire service record which included other unrelated incidents, punishments and misconducts. Appellant was given an undesirable discharge.

He petitioned the Army Board for Correction of Military Records (under 10 U.S.C. § 1552) to change the nature of his discharge from "undesirable" to "general." The petition was denied as was a later request to reconsider, based upon O'Callahan v. Parker, supra. Appellant urges this court to apply that decision retroactively to a court martial conviction rendered thirteen years earlier. He argues that his 1956 conviction was null and void.

The arguments for and against prospective versus retroactive application of O'Callahan are discussed in the Court's opinions in Gosa v. Mayden, Justice Blackmun for the plurality, and Justice Marshall, dissenting. We need not repeat them here. We agree with the reasoning of the plurality opinion and hold that in this circuit O'Callahan v. Parker is not to be applied retroactively. We need not decide whether the other misconduct relied upon by the Board of Review and the district court was sufficient to support the undesirable discharge independent of the court martial conviction in question.

Affirmed.

\* Hon. Leonard P. Moore, of the Second Circuit.